[Cite as *State v. Pocock*, 2014-Ohio-3787.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-03-006 |
| | : | D E C I S I O N |
| - vs - | | 9/2/2014 |
| | : | |
| DUSTIN W. POCOCK, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. 2013-5387

Richard W. Moyer, Clinton County Prosecuting Attorney, 103 West Main Street, Wilmington, Ohio 45177, for plaintiff-appellee

Foster Law, LLC, Mary T. Foster, 636 Northland Blvd., Suite 100, Cincinnati, Ohio 45240, for defendant-appellant

**Per Curiam.**

{¶ 1} This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Clinton County Court of Common Pleas, and upon a brief filed by appellant's counsel.

{¶ 2} Counsel for defendant-appellant, Dustin W. Pocock, has filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), which (1)

indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists potential errors "that might arguably support the appeal," *Anders* at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.

{¶ 3} Although the brief filed by appellant's counsel does not specifically suggest potential errors that may have been committed at the trial level, counsel does "note that there were no motions filed on the defendant-appellant's behalf. There were no motions made by the defendant-appellant or counsel on his behalf to withdraw his guilty plea at anytime, the Court did not impose the maximum sentence in this case and the Court appeared to have complied with Crim.R. 11 in accepting appellant's plea." The court will construe this statement as suggesting potential errors involving (1) the lack of pretrial motions filed on appellant's behalf; (2) the appropriateness of appellant's sentence; and (3) compliance with Crim.R. 11.

{¶ 4} Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.

S. POWELL, P.J., PIPER and M. POWELL, JJ., concur.